**In the United States District Court,
Northern District of Ohio,
Western Division**

| | |
|---|---|
| United States of America, | Case No. 3:17-CR-00402-01 |
| Plaintiff, | Judge James G. Carr |
| v. | **Order** |
| Eric D. Mason, | |
| Defendant. | |

Pending is the Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 64). In this Motion, Defendant requests that I appoint an attorney. (*Id.* at pgID 376). In accordance with this Court's Order, the matter was referred to the Federal Public Defender's Office for review. See, N.D. Ohio General Order 2023-20, ¶I (11/23/2023). Under this Order, counsel have the right to file a supplemental motion in support of a pro se defendant's request or, as in this case, to file a notice of intent not to supplement. *Id.* ¶V. The Federal Public Defender filed its Notice of Intent not to Supplement Defendant's Motion. (Doc. 67). The Government has filed its Response in Opposition to Defendant's Motion. (Doc. 68).

Amendment 821 authorizes resentencing of a previously sentenced defendant where: 1) at time of sentencing he received two "status points" in calculating the criminal history category; and 2) eliminating one of the status points would result in a lower category. See, Amendment 821 to U.S.S.G. (Nov. 1, 2023), amending § 4A1.1(e). "[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if (i) none of the amendments listed in subsection (d) is applicable to the defendant; or (ii) an amendment listed in subsection (d) is applicable to the defendant but the

amendment does not have the effect of lowering the defendant's applicable guideline range. . . ." U.S.S.G. § 1B1.10, App. Note 1(A).

In this case, the Defendant's Offense Level was calculated to be 27 by the U.S. Pretrial Services & Probation Officer. (Doc. 33, pgID 191). The Defendant's criminal history score was calculated to be 17 points, resulting in a Criminal History Category of VI. (*Id.* at 196). The resulting Guideline Range was 130-162 months. (*Id.* at 200).

The Court, at sentencing, determined the appropriate offense level was 25, but the Defendant's Criminal History Category remained a VI. The revised Guideline Range was 120-137 months, with 120 being the statutory mandatory minimum sentence. (Doc. 35).

In this case, the Defendant was not assessed any "status points," so even under Amendment 821, his Criminal History Category remains a VI. In addition, he was sentenced to a mandatory minimum sentence of 120 months, the lowest end of the Guideline Range.

Because application of Amendment 821 does not result in a reduced Criminal History score, the Defendant is not eligible for resentencing. Therefore, I deny Defendant's Motion.

It is, accordingly, hereby

ORDERED THAT:

1. The Defendant's Motion to Reduce Sentence (Doc. 64) be, and the same hereby, is denied; and

2. I conclude that an appeal from this Order would have no merit; thus, payment of the requisite filing fee is required before the Defendant can maintain an appeal.

So ordered.

/s/ James G. Carr
Sr.U.S. District Judge