IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,            Case No. 3:17-cr-00402-JGC-1

    Plaintiff,

  v.                                      **ORDER**

Eric D. Mason,

    Defendant.

Pending is Defendant's pro se motion for reduction of sentence. (Doc. 71). This is his sixth post-sentencing motion. Like those prior motions, Defendant's instant effort has no merit.

Defendant contends in his multifaceted motion that he is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A).

He is not. Though he has met the statute's exhaustion-of-prison-remedies requirement, he does not otherwise qualify for relief. As the government explains, the Sixth Circuit has adopted a three-part test for evaluating the merits of requests for compassionate release. *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020).

Under *Jones*, for a movant to obtain relief I must: (1) find whether extraordinary and compelling circumstances justify a sentence reduction; (2) find whether the sentence reduction is consistent with applicable Sentencing Commission policy statements; and (3) consider any applicable 18 U.S.C. § 3553(a) factors and determine whether, in my discretion, the particular circumstances of the case warrant such a reduction in whole or in part. *Id.* Where a defendant fails to meet any one of these prerequisites, I may deny the defendant's motion without addressing the others. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

1

Here, Defendant's attempt to meet the first requirement—the existence of extraordinary and compelling circumstances—fails.

Defendant claims that a statutory change altering what was the ten-year mandatory minimum that applied to him at sentencing constitutes extraordinary and compelling circumstances. Defendant argues that because his predicate offense no longer qualifies for a sentencing enhancement, he is entitled to relief.

But Defendant's arguments are mistaken. When Congress amended the sentencing enhancement provisions by replacing the term "serious drug felony" with "drug felony," Congress did not make that change fully retroactive. Instead, the amendment applied retroactively only if the defendant had not received a sentence as of the date of the amendment's enactment. *United States v. Richardson*, 948 F.3d 733, 749 (6th Cir. 2020). Thus, even if Defendant's predicate offense no longer qualifies for a sentencing enhancement, Defendant remains ineligible for relief because he received his sentence prior to the amendment's enactment. "[N]onretroactive changes in sentencing law cannot be 'extraordinary and compelling reasons' that warrant relief." *United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir. 2022).

Defendant's ten-year mandatory minimum sentence is also not unusually long so as trigger the narrow exception described in U.S. Sentencing Guidelines Manual § 1B1.13(b)(6). There is nothing unusually long about a sentence that is likely imposed by some federal court somewhere whenever the courts are open. Furthermore, that provision does not apply to Defendant's circumstances because it requires that Defendant serve at least ten years of the applicable term, which is hardly the case here. And ten years is ten years unreduced by any good-time credit that Defendant may have at the time of filing his motion.

There is, therefore, nothing extraordinary or compelling in Defendant's circumstances justifying a sentence reduction.

Lastly, Defendant points to his completion of several Bureau of Prisons rehabilitative courses as evidence that he would pose no danger to society were I to grant his motion. Defendant's conduct in pursuing those programs is all to the good. But "rehabilitation 'alone' does not provide a proper basis for relief." *United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020) (quoting 28 U.S.C. § 994(t)).

## Conclusion

For the foregoing reasons, it is hereby ORDERED THAT:

Defendant's Motion for Reduction of Sentence, (Doc. 71), be, and the same hereby is, denied.

SO ORDERED.

Date: June 3, 2025                                                  *s/James G. Carr*
                                                                                  JAMES G. CARR
                                                                                  SR. U.S. DISTRICT JUDGE